NEW YORK,
May, 1812.

DENTON
v.
LIVINGSTON.

———————

DENTON AND OTHERS *against* LIVINGSTON, LATE SHERIFF, &c.

An action of *assumpsit* lies against a sheriff, for the amount of the sale of goods by him, under a *venditioni exponas*, tho' the purchaser to whom the goods are delivered, refuses to pay for them.

Where a sheriff returns that he has levied on the goods of the defendant, to the value of the debt or damages in the execution, whether he is bound by the value returned, or not, *dubitatur*.

If the sheriff delivers the goods seized and sold, without receiving the money, he is answerable for the amount.

*Bank shares,* or shares in a *public library,* being mere *choses in action,* cannot be seized and sold under an execution.

THIS was an action of *assumpsit.* Besides the usual money counts, the declaration contained two special counts; 1. That the defendant, on the 20th *June,* 1811, being indebted to the plaintiffs in 1,000 dollars, for so much money by the defendant before that time collected and received on a writ of *venditioni exponas,* issued out of this court and directed to, and received by, the defendant, as sheriff of the county of *Columbia,* at the suit of the plaintiffs, against the goods, &c. of one *Samuel Edmonds,* &c. for 631 dollars and 12 cents, damages and costs, &c. and being so indebted, the defendant, in consideration thereof, &c. undertook, &c. 2. Whereas the defendant, late sheriff, &c. by virtue of another *venditioni exponas,* to him directed, commanding him to levy the sum of 631 dollars and 12 cents, of the goods and chattels of *Samuel Edmonds, &c.* the defendant, then being sheriff, &c. by virtue of the said *venditioni exponas,* the said goods and chattels

of the said *Samuel Edmonds,* found in his bailiwick, sold at public auction or vendue ; and that divers goods and chattels of the said *Edmonds,* so exposed for sale, were purchased by *W. A.* he being the highest bidder for the same, for a large sum of money, to wit, a sum which, together with the moneys before collected on the *venditioni exponas,* by the defendant, were sufficient to pay and satisfy the money directed to be levied by the said *venditioni exponas,* together with the fees of the defendant, as sheriff, and were delivered to the said *W. A.* to his satisfaction ; yet the defendant has not paid to the plaintiffs the sum of money so directed to be levied, &c. or any part thereof, although, &c.

The defendant pleaded *non assumpsit,* with notice.

The cause was tried at the *Columbia* circuit, before Mr. Justice *Yates.*

An exemplification of the judgment at the suit of the plaintiffs against *Edmonds,* and a *test. fieri facias* was produced, on which the defendant had endorsed a return, as follows : " By virtue of the within writ of *test. fi. fa.* I have taken goods and chattels of the within named *Samuel Edmonds,* to the value of the damages within mentioned, which goods and chattels remain in my hands unsold, for want of buyers," &c.

The *venditioni exponas* under which the sale was made was also produced. The plaintiffs also proved that the amount of the sales was sufficient to satisfy their execution, and that the sale was for immediate payment.

The defendant proved, that among the goods and chattels sold was a sloop which sold for 275 dollars, a share in the *Bank of Columbia,* which sold for 50 dollars, and three shares in the *Hudson* library, which sold for 9 dollars ; that at the time of the sale the sloop was at *Poughkeepsie,* and *Ashley,* the purchaser, afterwards refused to pay for her, on the ground that the defendant had not delivered to him the possession of the sloop ; and she was afterwards sold on another execution against *Edmonds,* by the sheriff of *Dutchess* county, which execution issued subsequent to the levy under the execution of the plaintiffs. The defendant contended that the shares were not liable to be sold on execution, and that the defendant was not liable for them, *Ashley* having refused to pay for them.

The plaintiffs proved, that when the levy was made on the sloop, she lay at *Hudson,* in the county of *Columbia,* and *Ashley* gave a receipt for her to the sheriff, who, at the time of the sale,

stated that she was receipted by a responsible person; and she was struck off to *Ashley*, as the highest bidder.

The judge charged the jury, that the plaintiffs were not entitled to recover for the shares, as they were not the subject of sale, nor for the amount at which the sloop sold, as it did not appear that the defendant had ever received the money; and that the jury must find for the plaintiffs the balance, after deducting those items. The jury accordingly found a verdict for the plaintiffs, for 95 dollars.

*Van Beuren* and *Foot*, for the plaintiffs, contended that the sheriff was answerable for the value of the goods as returned, after he had seized them. They cited 2 *Saund.* 643. *Clerk v. Withers*, 2 *Ld. Raym.* 1072.

*E. Williams*, contra, insisted that the sheriff never having received the money from *Ashley*, this action could not be maintained, for no implied contract existed. The proper remedy is an action on the case, sounding in *tort*, for a breach or neglect of duty. That no action lies for a partial satisfaction of an execution. The proper course is, to rule the sheriff to return the writ.

KENT, Ch. J. delivered the opinion of the court. It is not a question, upon the present motion, whether the last count stated in the case was properly joined with the other counts. The first special count stated, is upon an implied *assumpsit* to pay the amount of moneys collected and received upon the writ of *venditioni exponas*, and the point is, how far the evidence supports the count.

There is no doubt but that a sheriff is responsible in *assumpsit*, upon the facts stated in that count. (*W. Jones*, 430. *Hob.* 206.) It might be a question whether, after the sale, the sheriff was not concluded by the value of the goods, as stated in his return to the *fi. fa.* for he returned that he had taken goods and chattels to the value of the damages in the execution. The general rule is, that an officer cannot be admitted to contradict his own return. In *Clerk* v. *Withers*, (2 *Ld. Raym.* 1072. 6 *Mod.* 290.) *Holt*, Ch. J. said, that the sheriff was bound by the value returned, and that he was bound to see that the goods sold for that value; and he gives this reason for his opinion, that when the sheriff levies on goods to the value of the debt, the defendant is discharged,

whatever may become of the goods, and he may plead such a levy in bar to an action of debt or *sci. fa.* on the judgment. This point, however, does not appear to have been judicially settled; and in the ancient case of *Sly* v. *Finch, (Cro. Jac.* 514.) the judges seem to have entertained a different opinion; for *Houghton,* J. said, that the sheriff was not estopped by the return value, and that he might sell the goods for more or less, and that it would not be reasonable to hold him to the estimated value. *Dodderidge,* J. and *Montague,* Ch. J. rather acquiesced in this principle, and only held, if the property should in the mean time perish, after the levy and before a sale, the sheriff should be held to his value, as it would be impossible then to reduce the value to certainty. In the present case the counsel for the plaintiffs do not appear to have contended, at the trial, for the value of the goods as returned to the *fi. fa.* but to have equitably referred the case to the fact of the amount of the sales. If the sheriff conducts himself throughout the business with diligence and fidelity, this is certainly the more just rule, and the judgment ought not to be considered as any further satisfied, as against the original defendant, than the amount of the proceeds of such sale; for it may often happen that the property seized and returned as of the value of the debt, may be found not to belong to the defendant, or may be found to be of much less value, by the fall of the market between the levy and the sale, or by means of some concealed defect or infirmity. We shall, therefore, waive the further consideration of this point, and proceed as the plaintiffs did at the trial, to consider the actual sum for which the sheriff ought to account upon the sale, as made and proved.

1. He is answerable for the amount of the sale of the sloop, and his excuse for not returning the money is insufficient. Instead of retaining the sloop in his possession between the levy and the sale, he delivered her to *Ashley,* the purchaser; and as he afterwards sold her to him, and has lost the possession, he is answerable for the money she sold for. There is no other remedy for the plaintiffs. They cannot call upon the original defendant for the amount of this sloop, for he would plead this seizure by the sheriff in bar; and if the sheriff, by such means as the delivery and subsequent sale of the chattel, without the money, could avoid answering for the amount, there would be no certainty and safety to the creditor, by the process of execution.

2. But the bank and library shares were levied on by mis-

take, for these were mere *choses in action*, and not the subject of a levy and sale by *fi. fa.* any more than bonds and notes; and such things cannot be taken in execution. (*Francis* v. *Nash*, 7 *Geo.* II. K. B. cited in *Com. Dig.* tit. *Execution*, c. 4.)

As, therefore, the charge of the judge was incorrect in ruling that the defendant was not answerable for the amount of the sale of the sloop, there must be a new trial, with costs to abide the event.

Rule granted.