COATS
v.
STEWART.

COATS *against* STEWART, Sheriff, &c.

Where a sheriff sells the property of the plaintiff on an execution, for a larger sum than is due on the execution, and executes a conveyance to the purchaser, without receiving from him the surplus money, (though requested by the plaintiff not to give a deed, until he had received the money) contrary to his duty as sheriff, an *action on the case* will lie against him, at the suit of the plaintiff.

THIS was an action on the case. The declaration stated, that in *December*, 1817, *Asa Knight* recovered a judgment in the Court of Common Pleas, in the county of *Cortland*, against one *Ephraim Eddy*, for 6,000 dollars of debt, &c. That in *September*, 1818, *Henry L. Porter* recovered a judgment in the same Court against the said *Eddy*, for 72 dollars and 28 cents, damages, on which judgment *Porter*, afterwards, sued out a writ of *fieri facias*, which was delivered to the defendant, as sheriff of the county of *C.*, who, by virtue thereof, levied on certain lands and tenements of *Eddy*, describing them; and exposed them to sale at public auction, on the 20th of *February*, 1819, when the plaintiff became the purchaser thereof, as the highest bidder, and received a deed from the sheriff, dated the 14th of *April*, 1819, for the premises, by which the plaintiff became entitled to all the right, title, and interest of the said *Eddy*, in the premises so sold. That *Knight* sued out a *fieri facias* on his judgment against *Eddy*, which was delivered to the defendant, as sheriff of the county, who exposed the same premises to sale at public auction, on the 30th of *April*, 1819, at which sale, one *Jonas Stiles* became the purchaser, as the highest bidder, for 500 dollars; and the plaintiff averred, that at the time the premises were so sold, on the last mentioned execution, there remained due, and unpaid thereon, the sum of nine dollars and sixty-eight cents, and no more; leaving of the sum so bid by the said *J. Stiles*, the sum of 490 dollars and 32 cents, over and above the sum due on the last mentioned execution, which sum of 490 dollars and 32 cents, the plaintiff was entitled to have and receive of the defendant, by virtue of the said deed and conveyance to him. That the plaintiff, at the time, informed the defendant of his right to the said sum of 490 dollars and 32 cents, and forbad the defendant to execute a conveyance of the premises to the said *Stiles*, until he should pay

to the defendant the said sum of 490 dollars and 32 cents; yet the defendant, well knowing the premises, and not regarding his duty as sheriff, as aforesaid, but contriving, &c. to injure the plaintiff, and to deprive him of the said 490 dollars and 32 cents, did, as sheriff, on the 30th of *April*, 1819, make, execute, and deliver to the said *Jonas Stiles*, a conveyance, &c. of the above described premises, without receiving from the said *J. S.* the said sum of 490 dollars and 32 cents, &c. by reason whereof, &c. the plaintiff has been greatly injured and deprived of the said 490 dollars and 32 cents, which is wholly unpaid, and is likely to lose the same, to the damage of the plaintiff, &c.

There was a general demurrer to the declaration and joinder; and the same was submitted to the Court, without argument.

*Per Curiam.* We are of opinion that this action is maintainable. Had the defendant received and retained the overplus money, the facts shown by the plaintiff would entitle him to it; for he was the assignee of *Eddy* by operation of law. (3 *Caines' Rep.* 84.) If the defendant had done his duty, and brought the overplus money into Court, to abide their order, it would, upon the facts set out in the plaintiff's declaration, have been ordered to be paid to the plaintiff. On this demurrer, we must take the fact to be, that the defendant never received the surplus money; but that, to deprive the plaintiff of it, he gave a deed to *Stiles*, without requiring payment.

We perceive no ground for saying, that a court of law is not competent to afford ample redress; for the injury complained of here, is an injury accompanied with damage. (6 *Johns. Rep.* 182. 13 *Johns. Rep.* 226.) If the defendant could show that he received the overplus money, and was ready to bring it into Court, or to pay it over, it might defeat the plaintiff's action. A special action on the case is the only remedy. (1 *Chitty's Pl.* 133.) *Assumpsit* for money had and received to the plaintiff's use, would not lie, if the defendant never received the money, and the declaration alleges that he did not. 7 *Johns. Rep.* 306.

BANK OF AU-
BURN
v.
WEED.

There must be judgment for the plaintiff, with leave to the defendant to amend, on payment of costs.

Judgment for the plaintiff.