### KELLY et al. v. THE GOVERNOR, use, &c.

1. A return of a sheriff to an execution, that he had levied on and sold certain land to T, for $492, as the highest bidder, adding, " the purchaser failed to comply with his bid," is not sufficient to charge the sheriff, or his sureties, without the further proof, that he had conveyed the title to the purchaser.
2. A sheriff who has sold lands by execution, may, when proceeded against for the purchase money, show, that the defendant had but an equitable title to the land, which could not be sold by execution at law.

Error to the Circuit Court of Pickens.    Before the Hon. G. W. Stone.

Debt, against the plaintiffs in error, as security of Nabors, sheriff of Pickens county, in his official bond.    The declaration sets out the bond, and assigns two breaches of the condition.    First, the failure of the sheriff to make the money on a *fi. fa.* described in the declaration ; second, for not paying over the money collected by him on the *fi. fa.*    On the trial, a bill of exceptions was sealed by the presiding judge, which shows, that the plaintiff introduced and read to the jury, a *fi. fa.* issued on the 6th day of February, 1841, in favor of Wilkins against Weaver, for $467 26, indorsed by the sheriff, received 6th February, 1841, levied the 20th February, 1841, on lands, (described,) to be sold on the first Monday in April, 1841, advertised the land, and sold at that time to M. W. Taggert for $492.    John F. Nabors, sheriff. The purchaser failed to comply with his bid.    John F. Nabors, sheriff.    There was no other evidence of the value of the land.

The defendants then introduced another *fi. fa.* issued by the clerk of the same court, on the 4th of August, 1841, on an older judgment, in favor of the same plaintiff, against said Weaver, with the following return : Received, 4th August, 1841, and levied on the same day, on the same land, describ-

ed in the levy of the first execution, and on the first Monday of October, sold to M. W. Taggert, the highest bidder, for $100. The defendant also introduced a witness, who stated he knew of the purchase made by Weaver of the said land, and that he, the witness, was the security of Weaver for the purchase money, and held the title bond for the land. The defendant then inquired of the witness, whether the defendant in execution had a deed, or a bond for titles to said land. The plaintiff objected to this question, and the objection was sustained, and the defendants excepted. It was also shown, that Taggert was solvent up to his death in November, 1841, but that some years afterwards, his estate was declared insolvent. The court charged the jury, that if the sheriff levied on the land, and sold it as shown in his return, whilst the same remains unaltered, neither the sheriff or his securities could screen themselves, by showing the land was not liable to sale under execution; nor does the entry made by the sheriff on the execution, that the purchaser failed to comply with the terms of the sale, though made at the same time with the other entry, and as part of it, excuse the defendants from liability. That the return of levy, and sale, on the *fi. fa.* makes out a *prima facie* case of liability, and the facts of the case, as above described, do not overturn this presumption.

The defendant requested the court to charge the jury, that if it appeared from the evidence, that Weaver had only a bond for title, the purchase money not being paid, the jury might regard that, in determining the value of the land, if they should find for the plaintiff under the first assignment. This charge the court refused to give, but charged, that under the facts above described, the defendants were concluded by the sum specified in the return upon the first *fi. fa.*

That the second levy and sale, under the second *fi. fa.*, unless it was otherwise shown than by the indorsements thereon, to have been procured, or assented to, by the plaintiff, did not authorize, or raise the presumption that the first sale had been abandoned, or given up by him. The defendants excepted to the ruling of the court, and here assign for error the matters of law growing out of the bill of exceptions.

Kelly et al. v. The Governor, &c.

REAVIS, for the plaintiff in error contended—

1. That an equitable title to land is not subject to levy and sale under execution. Davis v. McKinney, 5 Ala. 719.

2. A sheriff, when sued for failing to make the money on an execution, may show in his defence, that the defendant in the execution had no property which was subject to levy and sale. Leavitt v. Smith et al. 7 Ala. 176, 185; Mason et al. v. Watts, 7 Ala. 703.

3. A sheriff, when sued for failing to make the money on an execution, may show in mitigation of damages, the value of the property which could have been levied on. Garey et al. v. Hathaway, 6 Ala. 161; Hallett v. Lee et al. 3 Ib. 28.

4. The official return of a sheriff is only conclusive against him of the facts returned; the evidence offered did not tend to contradict those facts. If these positions be correct, the court should have permitted the inquiry proposed to be made of the witness.

5. When a sheriff returns, that he has levied on land, he does not thereby conclude himself from showing, in defence of a suit against him for not making the money by a sale of the land, that it was not subject to levy and sale. Leavitt v. Smith et al. 7 Ala. 176, 185; 4 Mass. Rep. 498; 2 N. H. Rep. 83; The Governor v. Gibson, at this term.

6. An officer who returns on an execution that he has levied it upon a tract of land, and sold it for a specific sum, but that the purchaser had failed to comply with his bid, does not thereby affirm, that the land was worth the sum bid, nor conclude himself from showing that it was worth less. Hallett v. Lee et al, 3 Ala. 28; Leavitt v. Smith et al. 7 Ala. 176, 185; 4 Conn. Rep. 356, 360, 361; 9 Johns. Rep. 96, 98, 99. If these propositions are true, the court did wrong in giving the first and second charges.

7. A sheriff who levies on land and sells it, and the purchaser fails to pay the amount bid, must re-sell it; if he fails to do so, he is only liable for what such lands would sell for at sheriff's sale, and the amount formerly bid is not conclusive of what it would sell for; especially when it appears, that soon afterwards the same land is sold under another execution in favor of the same plaintiff, against the same de-

fendant, for a greatly less sum. Robinson v. Garth, 6 Ala. 204.

DARGAN, J.—If a sheriff sell property under an execution, and consummate the sale by investing the purchaser with the title, he is liable for the amount bid, whether he has received it from the purchaser or not; for it was his own folly, that he parted with the property without receiving the purchase money, and he must be liable for his own misconduct. Denton v. Livingston, 9 John. Rep. 96. But it is equally clear, that if a sheriff offer to sell real or personal property, and a sum is bid for it, and it is knocked off to the bidder, who afterwards refuses to pay for it, and the sheriff, in consequence thereof, refuses to consummate the sale, or to execute to him a title, then the sheriff is not bound for the amount thus bid, but not paid. Nor will such an ineffectual attempt to sell the property, create any liability on the sheriff, but he should re-sell the property. Or if, from any sufficient cause, he cannot re-sell before the return of the execution, he should return those facts, and if he has been guilty of no neglect, the plaintiff in execution has no cause of action against him. 2 H. & G. Rep. 269; 1 Dall. 419.

The only evidence introduced to charge the defendant with the amount bid, was his return, made upon the execution, which was in the following language: "Levied the 20th of February, 1841, to be sold on the first Monday in April, 1841—advertised and sold the land at that time, to W. M. Taggert, for $492. John Nabors, sheriff. The purchaser failed to comply with his bid. John Nabors, sheriff." The charge of the court was, that this return was conclusive to show the liability of the defendants, so long as it remained unaltered. This charge can only be sustained on the ground that the return showed, that the title to the land, by the sale, was vested in Taggert, who bid for it, and that the sale was consummated and complete. We cannot so construe this return, for it is settled by the decisions of this court, that a sale of land by a sheriff is within the statute of frauds; and although the memorandum made by the sheriff of the particulars of the sale, and who was the purchaser, is sufficient to satisfy the requisitions of the statute, yet the legal title is

Kelly et al. v. The Governor, &c.

not vested in the purchaser, until the deed is executed and delivered to him. Robinson v. Garth, 6 Ala. 204, and the cases there cited.

When the deed is executed and delivered, whether it will have relation back to the day of sale, is an unsettled question; but no legal title passes to the purchaser without it. Here there was no evidence to show, that the sheriff executed to the bidder a deed, but such evidence as is afforded by the return, and we think the true construction of that return is, that the sheriff offered the land for sale, and it was knocked off to Taggert, but he failing to pay the amount bid, nothing further was done. This being the construction that should have been placed upon the return, and the title not having passed to the purchaser, the court erred in the charge given. If however, it should appear in another trial, that the sheriff had executed and delivered the deed, notwithstanding the failure of the purchaser to pay the amount bid, then as we have seen, both the sheriff and his securities would be bound to the plaintiff for the amount.

But it was the duty of the sheriff to re-sell the property, after the failure of the purchaser to comply with his bid. If the sheriff could have done so, before the return of the execution, and has neglected to do it, whereby the plaintiff in the execution has been injured through his neglect, then the sheriff and his securities are liable, to the extent of the injury; and in this point of view the value of the land may become a material inquiry in another trial; if so, it is competent, either for the sheriff or his securities, to show that the defendant had but an equitable title to the land, which could not be sold by execution at law. See Elmore v. Harris, 13 Ala. 360, and the cases there cited.

As the ruling of the court was contrary to the law, the judgment is reversed and the cause remanded.