## HANSON & MOORE vs. PATTERSON, ET AL.

1. Where, after a bill has been amended, a commission issues to take the answer of a non-resident defendant then in default; and the defendant answers generally; without specifying whether it is to the original or amended bill, or to both, it will be intended that the answer is to the bill in the condition in which it was at the time the commission issued, and the previous default consequently must be considered as cured.

2. Where the record fails to show, either by recitals in the decree or otherwise, that publication was made in the mode pointed out in the 40th Rule of Chancery Practice, a mere statement in the decree, that publication was made "in the terms of the law," is insufficient to sustain a decree pro confesso against a non-resident defendant.

3. Where the bill alleges that certain judgments, against which it seeks relief, have been fully paid off and satisfied by the transfer of land claims, on a company, in the State of Texas to the duly authorised agent of the plaintiff, and the answer, admitting the transfer, insists that the agent, was only authorised to receive good and valid claims, and that those transfered were not of that character; but were fraudulent, &c., the matter thus set up is irresponsive to the allegation and must be proved.

4. Where it does not appear that the merits of the controversy were passed upon, a judgment quashing a supersedeas, sued out to restrain an execution on the ground of satisfaction, is not conclusive upon parties, who assert rights under the defendant in the judgment, anterior in point of time to the proceedings on the supersedeas.

5. If a non-resident defendant files his answer and submits to the jurisdiction of the court, the complainant will not be required to execute a refunding bond.

Error to the Chancery Court of Cherokee. Tried before the Hon. Wilie W. Mason.

S. D. J. MOORE, for the plaintiffs in error.

Hanson & Moore v. Patterson et al.

No counsel for the defendants.

CHILTON, J.—By the 29th Rule of Chancery Practice, (Clay's Dig. 615, § 29,) it is provided, that where a defendant resides out of the State, on the application of his solicitor the register shall issue a commission, directed to one or more persons, to take and certify his answer; the affidavit to the answer shall be attached thereto, and sworn to and subscribed by the defendant before the commissioners, or one of them, and so certified by him or them. In the case before us, about five months after the original bill had been amended and both had been answered by the defendant, Moore, a commission was issued by the register, directed to three commissioners, to take and certify the answer of the defendant, Hanson, "in a certain suit, pending in said Chancery Court," &c., describing this as the suit indicated. The commissioners proceeded to take and certify the answer, on the 13th day of February 1846, which was filed in the office of the register, on the 13th April 1846. This answer goes generally to the bill, without specifying whether it is an answer to the original or amended bill, or to both. As, however, it is taken under a commission, which issued long after the bill was amended, and purports to be an answer to the bill, we must regard it as an answer to the bill, in the condition it was in when the commission issued, and as placing the party *rectus in curia*, in respect to it. The chancellor in the decree says, that the defendant, Hanson, has failed to answer either the original or amended bills, and that they have been taken as confessed against him. In this the chancellor misconceived the true state and condition of the record.

2. Again, there is no valid decree *pro confesso* against Hanson. There is no order for publication against him as a nonresident defendant, either as to the original or amended bill.— The only decree contained in the record, as to Hanson's default in answering, reads as follows: "It appearing to the satisfaction of the court, that publication has been made in the terms of the law, in The Gladiator, a newspaper published in the town of Cedar Bluff, and by posting up the same on the court-house door for said county, on motion of said complainants, it is ordered, adjudged, and decreed that a judgment *pro confesso* be, and is hereby rendered against the said Hanson, for failing to

answer in the time prescribed by the statute." This decretal order was made on the 27th June 1844, one year previous to the filing of the amendment to the bill, and no order of the kind appears to have been made in respect of the amendment. In Hartley et al. v. Bloodgood, 16 Ala. Rep. 23S, we held, that the record must show, by recitals in the decree, or otherwise, that publication was made in the manner pointed out in the rule relating to this subject, (see Clay's Dig. 616, § 40,) or the decree cannot be sustained—that the mere statement, that publication was made in due or proper form, is insufficient, as it is an averment of a legal conclusion, rather than the facts, from which this conclusion would result.—See, also, Butler v. Butler, 11 Ala. 671.

It is then very clear, that the record before us does not furnish the evidence of a valid decree *pro confesso* against Hanson, and as the decree of the chancellor was predicated upon his default, it is erroneous, unless it is defensible upon another view, which we will proceed to examine. Hanson has filed his answer, which his counsel here insists, and which we have shown, must be taken as a response to the bill as amended, and the chancellor should have disregarded the informal entry *pro confesso*, or have vacated it, and heard the cause upon the bill, exhibits, answers, and proof. We will then consider it as he should have done, and, if thus considered, the decree is right, it should not be reversed.

3. The gist of the complaint is, that the defendant, Hanson, through his attorney, Moore, is proceeding to sell property given to the complainants by one Hugh M. Elder, under executions against said Elder, issued upon two judgments, which they aver have been fully paid off and satisfied by the transfer to Moore, as the authorised agent of Hanson, of land claims upon a company in the State of Texas. The receipt of Moore is exhibited with the bill, and duly proved, as the decree recites, and which shows that the claims, which were transfered, were received in full of the judgments. Moore, in his answer, (as also does Hanson,) states that he was authorised to receive in satisfaction claims, which were *good* and *valid*, and that Elder at the time of the agreement proposed to transfer such claims, but Moore affirms that the claims transfered were not of this character, but on the contrary, were fraudulent, and gotten

Hanson & Moore v. Patterson et al.

up for the purpose of defrauding, and that Elder, since the transfer, has admitted that such was the fact. Hanson answers that he only authorised Moore to take *good* and *valid* claims, and that, having full confidence in his ability and integrity, he doubts not but that he has conformed to his instructions.

It is sufficient to observe, upon this branch of the case, that Moore, having authority to receive good claims, and having received those in question and executed the receipt attached to the bill, the *prima facie* presumption is that they were such as he contracted·to receive. His answer that they were not is irresponsive to any allegation in the bill, and the burthen of proving that the claims were not good, or were fraudulent, devolved upon the defendants. This familiar rule clearly applies to the case, and renders a further examination of this point unnecessary.—Wakeman v. Grover, 4 Paige, 33; Hart v. Ten Eyck, 2 Johns. C. Rep. 89-91, n. a; 2 Dan'l Ch. Pr. 984, and notes; Crutchfield v. Haynes, 14 Ala. 54-5; Walker v. Miller et al. 11 ib. 1080; 8 Cow. Rep. 387; Powell v. Swan's Adm'r, 5 Dana's Rep. 3; 4 ib. 153.

4. It is, however, insisted, that the record exhibited with Moore's answer, showing that the executions were superseded by Elder in the Circuit Court of Cherokee, upon the ground, as shown in his petition for the writs of supersedeas, that the judgments had been satisfied by the transfer of these claims, and that the writs of supersedeas were quashed, is evidence of the worthlessness of the claims, and that the receipt constitutes no satisfaction. It is a sufficient answer to this, that the complainants are not concluded by the judgments quashing the writs of supersedeas, since, if we concede that they were privies, it does not appear that the merits ·of the controversy were tried upon such motions. The court quashed the writs, but upon what ground, we are not informed. Besides, the amended bill expressly charges, that it was agreed between Elder and Moore, that the former should not resist the motions made in the Circuit Court to quash the writs of supersedeas, in consideration that his property should not be levied upon for the satisfaction of the judgments, but should be exempt, and the property, given to complainants by Elder, should be sold; and that the motions to quash, for that reason, were not resisted, &c. Moore answers, that, "he proposed to Elder, that he would levy the

executions on the judgments against him upon any property said Elder would direct, provided it would satisfy the said judgments, if he would agree that each supersedeas should be quashed, so that defendant, Moore, might return to his home in Tuskaloosa; that Elder did not accede to this proposition; nevertheless defendant, Moore, did direct the sheriff to levy upon the land claimed by the complainants, not, however, to consummate any fraud on the complainants or any one else." There is nothing said in the answer as to the allegation, that "the writs of supersedeas were quashed, no one appearing to oppose the same." So that from the pleadings in the cause, we think it sufficiently appears that the writs were *quashed or dismissed*, not upon a full investigation of the merits of the payment alleged, but for want of prosecution, or for some other reason, as the terms used would indicate. Be this, however, as it may, we are of opinion that the trial between Hanson and Elder, and the judgments of the court upon the motions to quash the writs of supersedeas are not to conclude the rights of the complainants, which accrued anterior to the proceedings upon these motions, in the absence of all proof, that the merits of the controversy were decided upon.

The parties then being properly before the court, and the question of payment being made out *prima facie* by the complainants, and not disproved by the defendants, (their answers going to matters without the receipt, and in avoidance of it, not being responsive to the bill, or sustained by evidence,) we conclude that the chancellor arrived at a correct conclusion, notwithstanding he assumed an incorrect premise. The decree must consequently be affirmed.

5. In respect to a refunding bond, the defendant, Hanson, having filed his answer and submitted to the jurisdiction of the court, it was not incumbent on the complainants to execute one. Davenport v. Bartlett & Waring, 9 Ala. 180.

Let the decree be affirmed.