## MOORE vs. BARCLAY.

1. If a sheriff sell land under execution, and consummate the sale by executing a deed to the purchaser, the execution, unless the sale is set aside, must be considered as satisfied to the extent of the sum bid, although the sheriff may not have received the purchase money; and being satisfied, the sheriff is liable to the plaintiff, and not to the defendant in the execution, for failing to collect it.

2. In a declaration in such case, at the suit of the defendant in execution,— setting forth the sale, the execution of the deed, and the failure of the sheriff to collect and apply the purchase money,—the additional averment that the proceeds of the sale remained, after all executions in the hands of the sheriff were satisfied, does not change the legal effect of the previously stated facts, nor warrant the conclusion that the executions in his hands were satisfied otherwise than by the sale.

3. Nor does the further allegation, that the plaintiff in such suit is entitled to the proceeds of such sale, aid the averment of satisfaction and show that it arose otherwise than by the sale, since it is but the statement of a legal conclusion from the facts, and does not show a right in the plaintiff, if the facts themselves do not.

ERROR to the Circuit Court of Talladega.    Tried before the Hon. John J. Woodward.

PARSONS & WHITE, for the plaintiff.

RICE & MORGAN, for the defendant.

Moore v. Barclay.

DARGAN, C. J.—The only question in this case is, whether the declaration shows a legal cause of action in Moore, the plaintiff. The first count shows that several executions, issued on judgments against the plaintiff, came to the hands of Spence, as sheriff of Talladega county, who levied the same on the lands described in the declaration. These lands were sold by the sheriff, at public sale, and were bid off by the defendant, at the sum of nine hundred and sixteen dollars. The sheriff did not at the time of sale receive the money, but executed deeds to the defendant for the land on his promise to pay him the sum bid, when called upon to do so. The declaration also avers, that said Spence has not paid the amount bid by Barclay to any of the plaintiffs in the judgments, to satisfy which the land was sold, nor to any other judgment creditor of *Moore*, the plaintiff, nor has he accounted for the same to the plaintiff. It is also alleged that Spence, the sheriff, is insolvent, and that the defendant, by an agreement with the sheriff, had paid the amount of his bid to a creditor of the sheriff, and for which debt Barclay was the security of the sheriff. This count concludes with the averment that Barclay had appropriated the amount bid at the sale to his own use fraudulently, by which the plaintiff had sustained damages.

1st. We propose to consider this case, as if the sheriff alone was the party defendant, without deciding whether a bidder at sheriff sale can be made liable at law for the amount bid, either at the suit of the plaintiff or defendant in execution, under any circumstances; and if it should be found that Spence, the sheriff, is not liable to the plaintiff, under the facts stated in the declaration, it follows that the defendant cannot be. In the case of Kelly et al. v. The Governor, use &c., 14 Ala. 541, we held that if a sheriff sell land under an execution and consummate the sale by making a deed to the purchaser, whereby he is invested with the title, the sheriff is liable for the amount bid, whether he has received it from the purchaser or not, for it was his own folly that he parted with the property without receiving the purchase money, and that he must be held liable for his conduct.—See also, Denton v. Livingston, 9 Johns. 96. But his liability is to the plaintiff in the execution, for the title of the defendant by the sale being divested out of him and vested in the purchaser, the execution

must be satisfied to the extent of the amount bid; at least it must be so until the sale is set aside, if that can be done; and being satisfied, the sheriff is liable to the plaintiff in the execution, not to the defendants, for failing to obtain the purchase money from the bidder. The first count in the declaration, therefore, shows, that the liability of Spence, for failing to pay the amount of the money bid by Barclay, is to the plaintiffs in the executions, and not to Moore, the plaintiff in this suit. As to him, the executions under which the land was sold are satisfied, and consequently he has sustained no injury, according to the facts alleged in this count of the declaration.

2. The second count alleges substantially the same facts, and also, that the proceeds of the land remained, after all executions in the hands of the sheriff were satisfied, and which were legally entitled to be satisfied out of the proceeds of said land. We cannot perceive that this additional averment produces a difference in the legal effect of the two counts. The facts stated in the first count show that the executions were satisfied to the amount bid by the sale, and the averment that they were satisfied does not produce a difference. It is, however, urged that we are to infer that the plaintiff, Moore, waived his right to insist upon the satisfaction of the executions, and that he has satisfied them by other means than the sale of the land. But the mere averment, that the executions were satisfied and the amount bid at the sale remained, does not warrant us in drawing such an intendment in favor of the pleader, even if the averment of these facts with sufficient certainty could help the plaintiff, which is a question not necessary to be decided.

3. It is also insisted, that it is avered in this count that the *plaintiff was entitled to the proceeds of the land*, and that this averment would help the allegation of satisfaction and show that the executions were satisfied otherwise than from the sale of the land. This averment, if made, would be a legal conclusion from the facts stated, and would not show a right in the plaintiff, if the facts themselves did not.

We are satisfied that the court did not err in sustaining the demurrer, and the judgment must be affirmed.

CHILTON, J., not sitting.