Disston v. Strauck.

---

---

HAMILTON DISSTON ET AL. v. GEORGE STRAUCK.

Where the sheriff has sold goods under levy and execution, and delivered them to the purchaser, on his promise to pay, the court will rule him, *on motion*, to pay the amount of the bid, less costs and expenses, to the plaintiff, as if he had received the money, and the plaintiff need not proceed by action or amercement.

---

On motion for rule to show cause why the sheriff of Atlantic county should not pay the sum of $334, with interest, the amount of bid at a sale of goods under execution.

Argued at June Term, 1880, before Justices SCUDDER and MAGIE.

For S. V. Adams, sheriff, *A. H. Slape.*

For the plaintiffs in execution, *A. H. Sharp.*

The opinion of the court was delivered by

SCUDDER, J. The return made by the sheriff, S. V. Adams, of Atlantic county, to a writ of *fieri facias* issued in the

Disston v. Strauck.

above suit, is that he levied on, and June 14th, 1879, sold two barouches of the defendant to David Dunn, for Richard Doughty and John B. Champion, for $335, "but the said David Dunn, Richard Doughty, and John B. Champion refused to pay the said sum of $335 for said barouches, or any part of the said sum of money due the said sheriff under said execution."

The motion now made is that the sheriff pay the amount of this bid to the plaintiff, or to the clerk of the court. As the objection to the payment of the money made by the purchasers goes to the ownership of the property, and to the entire consideration, this is not a question of appropriation of payments among creditors by the court, but of the right of the plaintiffs to receive anything from the sale. There is no reason, therefore, why the money should be paid into court. If the plaintiffs are entitled to recover, the order should be made for the payment of the money to them.

It is objected that the motion is informal, because in the nature of an action for money had and received, when the return and proofs show that the money has not been received by the sheriff, that the proceeding should be by amercement, or action for negligence.   *Lomerson* v. *Huffman*, 1 *Dutcher* 625 ; *Hoagland* v. *Todd & Rafferty*, 8 *Vroom* 544.

If it be conceded that an action for money had and received would not lie, and that the plaintiffs might adopt the form of an amercement, or an action for neglect, as an appropriate remedy, it does not follow that the court, in the exercise of its power over its process and officers, may not order the performance of a plain legal duty relating to such process, that it may not become useless and ineffective.   It is a question of mere form, for the return and full proofs of the facts made on the rule to show cause have been presented to the court, and a hearing has been given the parties.   If the liability of the sheriff is fixed, there is no reason why he should not pay the money over, as he would be compelled to do by an order of the court, if the money had been actually received.

If he give an unauthorized credit to purchasers, and deliver possession to them of goods sold at judicial sales, he will not be permitted to elect what remedies shall be pursued against him.   If he ought to have received the purchase money, the court will charge him by direct proceedings on motion, as if he had received it, from respect to the efficacy of its own process.   This is no new practice, for it has always been held that the sheriff is liable to the plaintiff in execution for the amount of the levy, and if *fieri facias* be returned, the plaintiff may proceed against him for the money, by rule of court. 1 *Chit. Archb. Prac.* 681; *Wood* v. *Wood*, 7 *Jur.* 325; 4 *Q. B.* 397; *Botten* v. *Tomlinson*, 16 *L. J., C. P.* 138; 4 *Fish. Com. Law Dig.* 7811; *Wilbraham* v. *Snow*, 2 *Saund.* 47, (*a*), (1); *Clerk* v. *Withers*, 2 *Ld. Raym.* 1072.

In *Denton* v. *Livingston*, 9 *Johns.* 96, in an action of *assumpsit*, with special counts, the court held that the action would lie against the sheriff for the amount of the sale of goods by him, under a *venditioni exponas*, though the purchaser to whom the goods were delivered, refused to pay for them.   There is no reason shown why he may not have a more summary remedy by motion.

Other reasons are assigned for the discharge of this rule, and to these, proofs outside of the return are offered.

The plaintiffs' attorney consented that the purchase money might be paid to him at his office, on the next day, but this was at the request and for the convenience of the sheriff who gave the credit, and to avoid the trouble of traveling several miles to meet the purchasers.   Neither would the expression of an opinion by the plaintiffs' attorney, that the purchasers were responsible, or able, be such an interference with the execution of the writ as to discharge the sheriff from liability. There should be some more distinct act of assuming the risk to operate as a release.

But the cause of the failure to collect the sum bid at the sale, was not because the parties were unable to pay, but, as they allege, because the defendant in execution did not own the two barouches, and they took no title by the sheriff's sale.

Disston v. Strauck.

This, under the authorities, will be a good defence to the sheriff, if he can establish it satisfactorily. *Hopkins* v. *Chandler*, 2 *Harr.* 299; 2 *Saund.* 47, (a), (b); *Brydges* v. *Walford*, 6 *M. & Sel.* 42.

Doughty & Champion, who made the purchase of the two barouches at sheriff's sale, through David Dunn, their agent, claimed the property before the sale, by purchase from the father-in-law of the defendant, after the levy under the plaintiffs' execution, and sometime in the early part of June, 1878. The defendant, George Strauck, had a wheelwright-shop, where he carried on business in his own name, at Absecon. His father-in-law lived in Philadelphia. The effort is made to prove, by the testimony of Strauck alone, that at the time of the levy he was building and finishing the barouches for his father-in-law, who furnished the money for the materials, &c. But the evidence is unsatisfactory, and bears some of the ear-marks of fraud. The sheriff was fully indemnified by the plaintiffs before the sale. He sold under the indemnification, and it was his duty to collect the purchase money before he deliverered the barouches to the purchasers. He permitted them to go into the power and possession of the purchasers, with full consent, which is evidence of a delivery to them by him, and renders him liable for the amount of their bid.

After deducting the costs, sheriff's fees, and commissions, which may remain unpaid, the balance of the sum bid at the sale must be paid by the sheriff to the plaintiffs in execution, and the rule will be made absolute.