JOSEPH KUMLER, Receiver, *vs.* A. BRANDENBURG, Sheriff.

July 3, 1888.

Execution Sale—Delivery of Property without Receipt of Money—Liability of Sheriff.—A sheriff, who, upon execution, levies on personal property of the execution debtor, and sells and delivers it to the purchaser without receiving the price, may be proceeded against summarily under Gen. St. 1878, c. 8, §§ 198, 199, and compelled to pay to the party entitled to the surplus any excess there may be of the selling price over the amount required to satisfy the execution and his fees and disbursements.

Appeal by defendant, sheriff of Otter Tail county, from an order of the district court for that county, *Baxter,* J., presiding, requiring him to pay over certain money to the plaintiff.

*E. E. Corliss,* for appellant.

*M. R. Tyler,* for respondent.

GILFILLAN, C. J. The defendant, sheriff of Otter Tail county, received an execution in favor of the firm of Noyes Bros. & Cutler against the firm of Weston & Moore for $329.84, and levied it upon the personal property of the execution debtors, and sold the same to the execution creditors for $740; the costs of levy and sale, with the interest on the amount of the execution, being at that time $158.50, leaving a balance of $251.66. The plaintiff states that the defendant sold the property, which, of course, would include a delivery. The defendant's affidavit says nothing about a delivery, but states that he "did strike" off the property to the execution creditors, and that he immediately returned the execution fully satisfied; from which it is fair to assume, as the court below did, that he completed the sale by delivery. He states that the purchasers never have paid him anything on account of the sale, and that he has not received any money or pay for the same, and never has had, and has no money in his hands belonging to Weston & Moore. Weston & Moore were adjudged insolvent, and plaintiff was appointed and qualified as receiver of their property. Some exceptions are made to the statement of these facts, but we do not see that they are well

taken. Plaintiff, as such receiver, applied to the district court, on an order to show cause, for an order requiring defendant to file his return of the execution, and all his doings thereon, including the sale, etc., and to pay to him all moneys remaining in his hands, and turn over to him all property in his hands or under his control, belonging to Weston & Moore; and the court made an order requiring him to pay to plaintiff said $251.66, after deducting therefrom any proper fees and charges to which he may be entitled; and from this order the appeal is brought.

Selling and delivering the property without receiving the sale price was a wrong, for which the party entitled to any surplus remaining after satisfying the execution could maintain an action against the sheriff. *Denton* v. *Livingston*, 9 John. 96, (6 Am. Dec. 264;) *Coats* v. *Stewart*, 19 John. 298. This is so because it was official misconduct of the sheriff, resulting in injury to the party. And it comes within the cases in which Gen. St. 1878, c. 8, §§ 198, 199, authorize the court to proceed against the sheriff in a summary manner to compel correction of the injury done. If it cannot be regarded, under section 198, as a case in which the sheriff is to be held as having received the price, and to be accountable for it to the parties entitled to it,—and we do not feel sure that he may not be so held, —it is certainly included within the broad and general terms of section 199. That section provides: "If any sheriff neglects to make due return of any writ or other process delivered to him to be executed, or is guilty of any misconduct in relation to the execution thereof, he may be proceeded against, by the party interested, in the manner provided in the preceding section; and, in addition to requiring the performance of the duty neglected, or the correction of the injury done, the court may impose upon such sheriff a fine," etc. The purpose of the statute was to give a summary, speedy, and effectual remedy, instead of leaving parties injured to the slower remedy by action, for all injuries sustained by failure to execute process, or through any misconduct or failure of duty in relation to the execution thereof.

Order affirmed.