## BUTLER v. BUTLER.

1. When the residence of a non-resident is known, a copy of the order posted up at the court house door, must be enclosed to him, otherwise no decree *pro confesso* can be rendered.

2. One in contempt, cannot raise the objection that a sufficient time did not elapse between the report of the master and its confirmation.

3. In the case of a non-resident, a decree *pro confesso* is an admission of the truth of the allegations of the bill.

4. The failure to execute the bond, which the law requires, when a decree is rendered against a non-resident, is error.

5. A bill may be exhibited in the county where a defendant resides, though that is not the county in which the judgment sought to be enjoined was rendered.

Error to the Chancery Court of Dallas.

THE bill was filed by W. J. Butler, the defendant in error, against James A. Butler, the plaintiff in error, a resident of the State of Mississippi, and one Randal Duckworth, a resident of Dallas county, to enjoin the further prosecution of a suit, commenced by the latter against the defendant in error, in the county court of Lowndes, on a promissory note, which the bill alledges was the property of J. A. Butler, and praying also the allowance of an account against him, he being alledged to be insolvent. An injunction was awarded. Process

of subpœna was issued, and returned executed upon Duck-worth, and upon affidavit made before the register, that J. A. Butler was above the age of twenty-one, and resided near Columbus, in the State of Mississippi, an order was entered, that he answer the bill within seventy days, or that it would be taken as confessed against him.

At the succeeding term of the chancery court, a decree *pro confesso* was rendered against both defendants, the order reciting that it appeared to the satisfaction of the court, that the order had been published in the Dallas Gazette, once a week for four weeks consecutively, and a copy of the same posted on the door of the court house in Dallas county. The court then proceeded to render a decree perpetually enjoining the further prosecution of the suit, and made a reference to the master to state an account between the complainant and J. A. Butler. The register reported that there was due from him to the complainant, $583 03, after discharging the note in suit, for which sum a decree was rendered against him in favor of complainant. From this decree he prosecutes this writ, and assigns for error—

1. There was no such proof of publication as the law requires to authorize a decree *pro confesso*.

2. There was no copy of the bill sent to the non-resident defendant, though his place of residence was known.

3. The report of the register was confirmed on the same day it was made.

4. A decree is rendered against a non-resident without proof.

5, No such bond has been given as the law requires, to justify a decree against a non-resident.

6. The chancery court of Dallas county had no jurisdiction to enjoin a judgment in Lowndes county.

A. GRAHAM, of Perry, for plaintiff in error, cited, Erwin v. Ferguson, 5 Ala. R. 158; Batre v. Auze's Heirs, Ib. 173; Chancery Rules, 40, Clay's Dig. 616; Clay's Dig. 355, § 65; Wilkins and Hall v. Wilkins, 4 Porter, 245; Clay's Dig. 353, § 45; Walker v. Mobile Bank, 6 Ala. 452; Shrader v. Walker, 8 Ala. 244; Story's Eq. Pl. 487-8-9.

The complainants insist, that the case should not only be reversed, but the bill dismissed for want of jurisdiction.

BOLING, contra.

1. The authorities cited by the plaintiff in error, do not sustain the first assignment.

2. The 40th rule regulating chancery practice, does not require a copy of the bill to be sent to the non-resident.

3. The record does not show that the report of the register was confirmed the same day it was made, or within two days; but if it does, that is not error. Both the defendants being in default and in contempt, are not entitled to notice, and could not have been heard if they had received notice. [Massena v. Bartlett, 8 Porter's Rep. 277, and authorities there cited.] The exceptions to the report come too late here. [Minor, 35.]

4. After due publication, &c. as to a non-resident, if he fail to appear and answer, the allegations of the bill are taken as true, without further proof, the same as though he had been a resident and had personal service. [Arnold v. Sheppard, 6 Ala. R. 299.]

5. If there be error in this point, (as to the giving of the bond,) this court will not remand the cause, but will reverse and here render the proper decree, or will merely reverse as to this point, and remand the cause that a bond may be given, (Reed v. Brashers, 3 Porter's Rep. 378; Oliver, Adm'r, v. Hearne & Whitman, 4 Ala. Rep. 271,) at the cost of the plaintiff in error.

6. If a bill enjoining a judgment be filed in the county of the residence of the plaintiff in the judgment, (defendant in the chancery suit,) it is good. [Clay's Dig. 344, § 2; 348, § 11; Eldridge v. Turner, at this term; Shrader v. Walker, Adm'r, et al. 8 Ala. R. 244; 1 J. J. Marsh. 256.] If filed in the county of the judgment it is good. [1 Dana's Rep. 109.]

8. This bill being to enjoin a suit pending, the case in Dana does not apply, and if it does, the objections to the jurisdiction come too late here. [Farley v. Farley, 1 McCord Ch. 513; McDonald v. Crockett, 2 Id. 135; Byle v. Fitzhugh; 2 Wash. 213; Barne's v. Lee, 1 Bibb, 527; 2 Sum-

mer, 546.] The decisions in Dana and 4 J. J. Marsh. are founded on a Kentucky statute, peculiar to that State. See these cases in connection with the statute, to be found in 2 Kentucky Statutes, 810; Id. note c. 2; 1 Id. 490, note 17; Brackenridge's Heirs v. Ormsby, 1 J. J. Marsh. 256.]

ORMOND, J.—The first and second assignments of error relate to the same matter, and will be considered together. In the case of a non-resident defendant, publication in the mode pointed out by the statute, in a newspaper within the State, and also posted up at the court house door, is equivalent to an actual service of subpœna. In addition, the 40th rule of chancery practice requires, that when the residence of the defendant is stated, either in the bill or the affidavit to obtain the order of publication, the register shall enclose to him by mail, within forty days from the time of making the order, a copy of the order posted up at the court house. It does not appear from the recital of the facts stated by the chancellor upon rendering his decree, that this has been done, and without this, there was no authority for the rendition of the decree *pro confesso*, as it appears, both in the bill and in the affidavit, that the defendant resided near Columbus, in the State of Mississippi. The rules for the government of the practice in the chancery courts, are made by virtue of authority given to the courts of chancery by statute, (Clay's Dig. 354, § 49,) with the approbation of this court, and these rules, when made, must have the force of law. In many instances, where there has been an omission, or failure to comply, a presumption of waiver may arise from a failure to make the objection in the court below. But that does not apply here, as there has never been an appearance, and consequently there can be no waiver.

The objection that it does not appear that two days elapsed between the report of the master and its confirmation, cannot avail the present defendant. Being in contempt, he was not entitled to notice, or to appear before the master without a special order from the chancellor, and could not be prejudiced by the matter complained of. [Mussina v. Bartlett, 8 Porter, 277.]

The case of Arnold v. Sheppard, 6 Ala. R. 290, is in point,

that where the relief is sought against an absent defendant, after due publication, the bill may be taken as true, without further proof. Such is the case here, the entire relief is sought against J. A. Butler, the non-resident defendant, the decree *pro confesso* was therefore an admission of the truth of the allegations of the bill.

The omission to execute the bond which the statute requires, previous to obtaining a decree against a non-resident defendant is a fatal error. [Erwin v. Ferguson, 5 Ala. Rep. 165; Clay's Dig. 353, § 45.] Nor is this as supposed, a matter which may be cured by an amendment in the court below.

The objection to the jurisdiction, because the bill was not exhibited in the proper county, cannot prevail. Waiving the consideration of the question, whether the objection can be taken by one in contempt, who has never appeared, or answered the bill, we are clear in the opinion that the bill was properly filed in the county where the defendant resided, and by whom the suit in Lowndes county was instituted. The decision in Shrader v. Walker, 8 Ala. Rep. 244, did not intend to affirm that the suit must be brought in the county where the suit sought to be enjoined was pending, when that was not the residence of the defendant in chancery instituting such suit. [See Eldridge v. Turner, and Freeman v. McBroom, et als. at the present term.]

Whether in such a case a decree could be rendered against a non-resident for the excess of the demand of the complainant, after extinguishing that of the defendant, is a question not raised by the assignment of error.

Let the decree be reversed and the cause remanded.