## BEAVERS *et als. vs.* DAVIS.

1. When service of process upon non-resident defendants has been perfected by publication only, the record must show that the publication was made in the manner pointed out by the 40th Rule of Chancery Practice.

2. When the interest of an absent defendant is affected by the decree, and he has not been personally served with process of *subpœna* within this State, nor voluntarily submitted to the jurisdiction of the court, it is erroneous to render a final decree without the bond required by the Act of 1805.—(Clay's Dig. 353, § 45.)

Beavers et als. v. Davis.

Error to the Chancery Court of Shelby. Tried before the Hon. W. W. Mason.

Bennett Davis filed his bill against Beavers, Dunn *et als.*, in which he alleged that in 1841, he purchased a slave at sheriff's sale, (sold under execution against Solomon Dunn,) and paid full value for him, believing the title to be good; in 1845, Josiah Dunn, Archibald Dunn, and Parker and wife brought their action of detinue against him for the slave, claiming title under the will of one Benton; after a trial in the court below, the case was taken to the Supreme Court, where it was held, that said will conferred such a title upon plaintiffs, as would enable them to sustain their said action at law; afterwards, complainant, in ignorance of the existence of any facts which would enable him to defeat said suit, made a compromise with plaintiffs, by which he agreed to let judgment go against him for the negro and costs of suit, which was accordingly done; after which complainant delivered up said negro to said plaintiffs, who sold him for six hundred dollars; after the rendition of said judgment, and the surrender of said negro, complainant discovered that said Solomon Dunn had executed to said plaintiffs a conveyance of eight or nine negroes, which purported to be founded upon a money consideration, but complainant charged, that the true and only object and intent of the instrument was to indemnify said plaintiffs for said negro already spoken of, and three or four others which had been sold under execution against said Solomon Dunn, and that no other consideration passed between the parties thereto; and that said negroes conveyed thereby had been accepted by said plaintiffs in full satisfaction for those sold under execution as aforesaid. Said plaintiffs were all non-residents, and one Beavers, who is made a defendant to the bill, was alleged to be indebted to them in the sum of five hundred dollars.

The prayer of the bill is, that said plaintiffs be decreed to pay to complainant said sum of six hundred dollars, the amount for which they sold said negro, and that said debt due from Beavers to them be attached in his hands, and condemned to the satisfaction of complainant's demand. The Chancellor decreed according to the prayer of the bill, without requiring the bond prescribed by the statute in cases where non-resident defendants are affected by the decree. The errors assigned are—1st, in

not dismissing the bill for want of equity; 2nd, in rendering a final decree without proof of publication having been made against the non-resident defendants; and 3rd, in not requiring complainant to execute a bond for the indemnity of the non-resident defendants.

RICE & MORGAN, for plaintiffs in error:

1. The bill is devoid of equity; it is nothing more in its effect, than a bill for a new trial; although the prayer, and the relief granted, go to the extent of giving a specific lien on a debt in the hands of Beavers. The facts newly discovered by complainant, are not in their nature an equitable defence to the suit, which Davis could not have relied on in a court of law, but a purely legal defence.—Pharr & Beck v. Reynolds, 3 Ala. 521.

2. The compromise of the case at law would prevent equitable relief to Davis, because it does not appear that any fraud was used to prevent Davis from informing himself fully in respect to his means of defence, or to prevent him from defending himself in any manner; such a compromise would have supported a promise to pay from Davis to Dunn.—See Camp. v. Nabors, 14 Ala. 460; Lee & Norton v. Ins. Bk. Colum. 2 Ala. 21; Stinnett v. Br. Bk. 9 Ala. 120; Gov. v. Barrow, 13 Ala. 540.

3. There was no proof of publication in the case, and the defendants are non-residents.

4. Those who have a real interest in the cause are all non-residents; no statutory bond is required by the decree, nor executed in the case.—Butler v. Butler, 11 Ala. 688.

No counsel for defendant.

DARGAN, C. J.—Without entering into a particular statement of the facts alleged in the bill, we deem it sufficient to say that it contains equity, and is properly filed under the act of the 5th of February, 1846. But as Josiah Dunn, Archibald Dunn and James Parker and wife, are non-resident defendants, and have not answered the bill, and service upon them has been perfected by publication only, to sustain the decree, the record must show that the publication was made in the manner pointed out by the 40th rule of our chancery practice. We have held that if the decree itself showed that proof was made of those

facts required to perfect the service, we would not reverse, because the evidence itself was not contained in the record; but when the evidence itself is not contained in the record, and the recitals in the decree do not show that such proof was made, the decree cannot be sustained.—Hartley v. Bloodgood, 16 Ala. 233. The record in this case neither contains the evidence of publication, nor does the decree shows that evidence of the facts necessary to constitute good service was adduced in the court below.

2d. The chanceller also erred in proceeding to a final decree without requiring of the complainant to give bond, touching the restitution of the money sought by the bill to be recovered, should the absent defendants appear and petition the court to have the cause reheard. We have invariably held, that when the interest of an absent defendant is affected by the decree, and he has not been personally served with process of *subpœna* within this State, nor voluntarily submitted to the jurisdiction of the court, it is erroneous to render a final decree without the bond required by the act of 1805.—Clay's Dig. 353.

The decree must be reversed, and the cause remanded.