# Curry v. Falkner.

*Bill in Equity to enforce Vendor's Lien for Purchase-Money of Land.*

1. *Publication against non-resident defendant.* — When there is a non-resident defendant, the 22d rule of chancery practice requires that the affidavit of his non-residence must state the place of his residence, if known, or the fact that it is unknown; and a copy of the order of publication must be sent to him by mail, if his place of residence is known.

2. *Defective service of process.* — A defective service of process on a defendant who, though not a necessary, is a proper party to the bill, is a reversible error.

APPEAL from the Chancery Court of Coffee.

Heard before the Hon. ADAM C. FELDER.

The bill in this case was filed by Elijah Falkner, against Carey Curry and Heron Wise, and sought to enforce a vendor's

[Curry v. Falkner.]

lien for the unpaid purchase-money of a tract of land, which said Curry had bought from one Randolph Kent, and afterwards sold and conveyed to his co-defendant, Wise. The unpaid note for the purchase-money was transferred by said Kent to the complainant. A decree *pro confesso* was entered against Curry, on publication against him as a non-resident. Wise answered, and claimed to be a *bonâ fide* purchaser for valuable consideration without notice. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is now assigned as error by both the defendants jointly, together with the decree *pro confesso* against Curry, who also assigns the same errors separately.

W. D. ROBERTS, for appellants.

G. T. YELVERTON, with J. FALKNER, *contra*.

B. F. SAFFOLD, J. — Error is shown in the decree *pro confesso* against the non-resident, Curry. The proper execution of an order of publication is specifically set out in the 22d rule of chancery practice. R. C. p. 826. One of the essential requisites is, that a copy of the order shall be sent by mail to the defendant, where his residence is shown by the bill or affidavit, within twenty days from the making of said order. The authority to make the order is dependent upon the affidavit of the complainant, or his agent, which must state, not alone the affiant's belief of the non-residence of the defendant, but of his age, whether over or under twenty-one years, and his residence, *or that they are unknown*. The affidavit in this case recites, that the affiant "knows from reputation, and believes, that he (Curry) settled in the State of Texas, and has ever since remained there," &c.; but says nothing more definite as to his place of residence, or whether it is known to him or not. Neither the order of publication, nor the decree *pro confesso*, presents any evidence that notice was attempted to be given to Curry by mail, or that his place of residence was unknown. The defendant, Curry, was entitled to notice by mail, if the complainant knew his place of residence. If it was not known, it ought to have been so stated in the affidavit. The 22d rule requires it.

Whether Curry was an indispensable party or not, he was a proper party; and the complainant having elected to join him, he cannot now avoid the consequences of a defective service. *Batre* v. *Auze*, 5 Ala. 173.

The testimony is indefinite, and contradictory. It is not shown whether Kent made a deed to Curry or not. But perhaps the presumption would be, that he did. Wise says, he

[Griel *v*. Marks.]

was surety on both of the notes given by Curry to Kent for
the purchase-money, and that each was for $1,200, one of
which Curry exhibited, and surrendered to him as paid, when
he purchased from him; and the other he subsequently paid
by agreement with Curry. If this be so, his claim to be con-
sidered a purchaser without notice is made out, as there is no
evidence to the contrary. But Kent, agreeing with him in
respect to the second note, says, that the first mentioned was
for $1,000, which he gave up to Curry in lieu of two others
each for $500 executed under an agreement between them.
The inference from his testimony is, that this first note of
$1,000 was without surety, though he does not expressly say
so. What has become of the other $500 note? What did
Wise do with the $1,200 note turned over to him by Curry, in
proof of its payment? As the decree must be reversed for
want of proper notice to the defendant, Curry, perhaps, on
another hearing, the testimony may be made more satisfactory.

　　　　The decree is reversed, and the cause remanded.