# Paulling's Adm'rs *v.* Creagh's Adm'rs.

*Bill in Equity to Enjoin Sale under Mortgage; Cross-Bill
for Foreclosure.*

1. *Revivor under cross-bill.*—When a mortgagor files a bill to enjoin a sale
of the mortgaged property under a power contained in the mortgage,
and dies pending the suit; if the mortgagee wishes to obtain a decree
of foreclosure, under a cross-bill and bill of revivor, as by statute he
may do (Code, § 3805). he must take the necessary steps to bring in the per-
sonal representative and heirs (or devisees) of the deceased mortgagor, as
defendants; and an appearance by the personal representative in the origi-
nal suit, and the revivor of that suit in his name, are not sufficient to sup-
port a decree against him in the cross-suit, without any service of process
upon him, or appearance by him in that suit.

2. *Decree against non-resident defendant.*—To support a decree against a
non-resident defendant, on publication only, the statutes and rules of practice
must be strictly observed, and the facts showing a compliance with them
must appear by the record: a recital that publication was made in *due* form,
or in *proper* form, is not sufficient.

3. *Same.*—When the affidavit of the defendant's non-residence states that his
post-office is "*Goodwin*, Holmes county, Mississippi," and a copy of the order
,of publication is forwarded by mail to him at *Goodman* in said county, this is
not sufficient to support a decree against him.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. CHARLES TURNER.

This case was before the court at two former terms, and
may be found reported in 54 Ala. 646, where all the material
facts of the case, as then presented, are stated. The opin-
ion delivered by this court on the first appeal, at June term,
1871, seems never to have been reported. The record on
the present appeal contains only the proceedings had in the
cause since the last reversal. The facts were thus stated in
the opinion of the court, as delivered by MANNING, J.:

"The administrators of A. M. Creagh, deceased, who was
a large creditor of Wm. K. Paulling, being about to cause
the sale of a valuable plantation, and numerous slaves en-
gaged in cultivating it, that he had conveyed to a trustee to
secure payment of the debt, or of so much of the mortgaged
property as might be required to pay it; he, in January,
1857, filed a bill of complaint against them and the trustee,
Mr. Lyon, to enjoin said sale; alleging therein a variety
of frauds against him, in the settlement made when the
notes for his indebtment were given, and in procuring the
securities about to be enforced. The suit was delayed from

[Paulling's Adm'rs v. Creagh's Adm'rs.]

time to time, and two decrees, which were successively ren-
dered in it, were, at different terms of this court, here re-
versed, and the cause remanded. When this was done the
second time, in 1876, instructions were prescribed as to the
manner in which the account should be stated, upon a refer-
ence to a master in the Chancery Court; and it being evident
that a large balance would be due from Paulling, this court
said in respect it : ' A decree should be rendered in favor of
the administrators of Creagh, and a sale of such of the prop-
erty embraced in the deed to Lyon [the trustee] as has not
perished, should be ordered for its payment,' and the costs
be taxed against Paulling.—54 Ala. 658.

"Not long after this, Paulling died, leaving a will, by
which he devised and bequeathed all his property, then con-
sisting mainly of real estate, to several persons who resided
in the State of Mississippi. Appellant Bush was appointed
administrator with the will annexed of Paulling's estate in
Alabama, and in that capacity became a party complainant
to the cause. But the devisees and heirs having declined or
neglected to become parties to the same, the administrators
of Creagh's estate, defendants thereto, by virtue of a statute
in such case made and provided, filed a cross-bill and bill of
revivor against them and Bush as administrator, to bring
them in and make them parties, so that the litigation might
be proceeded in, and a decree rendered as directed in the
opinion here delivered. To this end, proceedings were there-
upon had, an account was ordered, stated, and confirmed;
and a decree was entered, that the mortgaged property be
sold by the register, and the proceeds applied to payment of
the debt which, according to his report, was due to Creagh's
estate. To reverse this decree, the cause has been brought
to this court by appeal. The errors assigned are, that the
persons named as defendants in the cross-bill were not
brought into court."

BRAGG & THORINGTON, for appellants.—1. It was error to
order a decree of reference, or to render a final decree
against John W. Bush, as administrator of W. K. Paulling,
deceased, when the record shows that he had never been
served with any process to appear and plead, answer, or
demur to the cross-bill and bill of revivor, and never ap-
peared, nor in any way consented to these orders and decrees.
Code, §§ 3763, 3775, 3805, 3823 ; Kirk v. McAllister, 39 Ala.
343 ; 4 Peters, 466 ; 14 Peters, 147 ; 9 How. U. S. 336 ; 11
How. U. S. 437 ; 3 Sumner, 600 ; 2 Paine, 502 ; 2 McLean,
473, 511 ; 4 Ib. 96.

2. The record shows that these decrees were rendered be-

fore the lapse of eighteen months from the grant of adminis-
tration to Bush.   This was error.—Code, §§ 2614, 3274.

3. As against the non-resident defendants, the decree of
reference, and the final decree, each, is erroneous.  The affida-
vits disclosed their non-residence, their place of residence in
Mississippi, and their post-office ; and the decree *pro confesso*
against them fails to show that any copy of the order of pub-
lication was ever mailed to them, or posted up at the court-
house door, as required by the 25th rule of practice.—*Hur-
ter v. Robbins*, 21 Ala. 585 ; *Butler v. Butler*, 11 Ala. 668 ;
*Cullom v. Branch Bank*, 23 Ala. 797 ; *Hartley v. Blood-
good*, 16 Ala. 233 ; *Batre v. Auze*, 5 Ala. 173 ; *Erwin v. Fer-
guson*, 5 Ala. 158 ; *Curry v. Falkner*, 51 Ala. 565 ; *Hanson v.
Patterson*, 17 Ala. 738.

4. As against Sarah C. Jones and W. E. Noel, the court
erred in appointing a guardian *ad litem* for them, and in re-
viving the suit in their names, and in the decree of reference,
and in the final decree.—*Batre v. Auze*, 5 Ala. 173 ; *Erwin v.
Ferguson*, 5 Ala. 158 ; *Walker v. Bank of Mobile*, 6 Ala. 452 ;
*Dunning v. Stanton*, 9 Porter, 513 ; *Walker v. Hallett*, 1
Ala. 379.

W. M. BROOKS, and W. E. CLARKE, *contra*.  (No brief on file.)

MANNING, J. [After stating the facts as above.]—On
examining the record, we do not find that the summons,
which (it seems) was issued, was ever served on Bush, the
administrator ; nor did he appear in the cause at all, as a
defendant in the cross-suit.   The fact that he made him-
self, as administrator, complainant in the suit brought by
Paulling, was not sufficient.   He should have been served
with process to make him a party in fact to the cross-bill.
It set forth a history of the transactions between the dece-
dent, Creagh, and Paulling, and of the proceedings in
the suit of the latter, which Bush was entitled to con-
trovert ; and it prayed for relief, such as the Chan-
cery Court granted.   The decree was rendered, also, on a
hearing or submission of the original and cross-cause both
together, and was rendered in accordance with the prayer of
the cross-bill.   It was error to make such a decree without
having Bush served with process, and without any appear-
ance on his part, in the cross-action.

There seems to have been a failure, also, to comply with
the provisions of the law to bring the non-resident devisees
and heirs of Paulling into court.  According to statute, "or-
ders of publication must conform to the rules now in force
in Courts of Chancery in this State, and to those which may

hereafter be made."—Code of 1876, § 3773 (3339). And by the 25th Rule of Chancery Practice, it is ordered, in respect to non-resident defendants, that the register shall have all orders of publication, "whether made by the chancellor or himself, published, with as little delay as may be, in such newspaper as may be designated in the order; once a week for four consecutive weeks; a copy of which order he must post up at the door of the courthouse of the county, or other place where the court sits, and shall send by mail another copy thereof to the defendant, where his residence is shown by the bill or affidavit, as aforesaid; which copies shall be posted up, and sent by mail, within twenty days from the making of said order."

Without going into any question made respecting the validity of the register's amendment *nunc pro tunc* of his original entries on this subject, it appears by them as amended, that the copies of the publication and notice were not sent to the post-office designated in the affidavit made thereof, as that of the defendants. According to the affidavit, the post-office of the parties was *Goodwin*, in Holmes county, Mississippi; but the copies were addressed to them at Good*man*, instead of *Goodwin*. This was not a proper service.

"Notice to the defendant, actual or constructive," said the Supreme Court of the United States, "is an essential prerequisite to jurisdiction. Due process, with personal service, as a general rule, is sufficient in all cases." But constructive notice "can only be admitted in cases coming fairly within the provisions of the statute authorizing courts to make publication, and providing that the publication, when made, shall authorize the court to decide and decree." Wherefore it was held, that affixing process on the front door of the house which the defendant had lately occupied with his family as his home, and had left because the country in which it was situated in Virginia was brought within the power of the army of the United States during the late war, was not a compliance with the statute, which required such process to be "posted on the front door of the party's usual place of abode."—*Earle v. McVeigh*, 91 U. S. 507-8. See, also, *City of Opelika v. Daniel*, 59 Ala. 217-18.

Rules prescribed by law, through which jurisdiction is acquired to render judgments and decrees that shall be binding upon persons residing out of the State, and beyond the reach of its process, must be complied with, or the jurisdiction is not obtained. A final decree, rendered against a defendant as to whom publication was ordered, without proof that publication was perfected according to the order,

will be reversed.—*Batre et al. v. Auze,* 5 Ala. 173 ; *Butler v. Butler,* 11 Ala. 668 ; *Hartley v. Bloodgood,* 16 Ala. 233 ; *Beavers v. Davis,* 19 Ala. 82.

The record must disclose that a copy of the order was posted at the court-house door, or the decree cannot be sustained.—*Cullum v. Branch Bank of Mobile,* and *Butler v. Butler, supra.* And if the residence of defendant is disclosed, it must appear that a copy of the order was transmitted to him by mail.—*Ib.* And these things must be shown by recitals of the facts ; a mere statement, or recital, that publication was made in due or proper form, is not sufficient; when the case is brought up by appeal. This is the statement rather of a legal conclusion, than of facts.—*Hanson v. Patterson,* 17 Ala. 738 ; 1 Brick. Dig. 764. For the course to be pursued where non-resident infants are to be made parties defendants, see the rules on that subject, and 1 Brick. Dig. 762.

Let the decree of the chancellor be reversed, and the cause remanded.