[Smith v. Gibson, et al.]

# Smith *v.* Gibson, *et al.*

*Bill to Quiet Title.*

(Decided January 14, 1915.  Rehearing denied February 4, 1915.
68 South. 143.)

1. *Homestead; Surviving Widow and Minor Children.*—Upon the death of the owner of a homestead, it vests ipso facto absolutely in his widow and minor children as tenants in common.

2. *Divorce; Decree; Collateral Attack.*—Where a bill for divorce on account of voluntary abandonment alleged that complainant had resided or been a resident of said state for more than three years preceding filing of the bill, it was sufficient to withstand a collateral attack on the decree, since the word "preceding" generally means next before, and hence the allegation was a sufficient compliance with the provisions of section 3800, Code 1907.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Lillie Smith against J. M. Gibson and others, to determine title to land. Decree for respondents and complainant appeals. Reversed and remanded.

PARRISH & ATKINSON, RICHARD B. KELLY, and MAUD McLURE KELLY, for appellant.

HANBY & FISK, and DAVID J. DAVIS, for appellees.

SAYRE, J.—Appellant filed her bill in this cause to settle the title to a parcel of land in the city of Birmingham. As the only child and sole heir of her mother she claimed a third interest in the property. Defendants, two daughters of J. K. Florence, deceased, claimed to own the entire fee by descent from him. Appellant's mother had lived with J. K. Florence as his lawful wife before—to avoid the possibility of misapprehension we will say next before—his death. Each

of them had been married before. They occupied the property in controversy as a homestead; their respective children—they had none in common—living with them. Appellant's mother survived Florence. The property, small in area and worth less than $2,000, belonged to Florence, and was all the real estate he owned. No proceeding was had setting aside the property to the widow and children as a homestead, but they remained in possession.

(1) Upon the death of Florence the homestead ipso facto, as among them, vested absolutely in his widow and minor children, appellees, as tenants in common. —*Faircloth v. Carroll,* 137 Ala. 243, 34 South. 182. Nothing to the contrary was held in *Thacker v. Morris,* 166 Ala. 395, 52 South. 73, as an attentive regard for the facts of that case will disclose. Nor is *Waters v. Gadsden-Alabama City Land Co.,* 182 Ala. 284, 62 South. 75, opposed. That case was controlled by a status of legislation which lasted only a short time.

(2) But appellant's mother had, before her marriage with Florence, been divorced from her former husband, as she supposed. The decree upon which she relied had been procured in the city court of Birmingham, sitting in equity, under a bill against her by her former husband on the ground of voluntary abandonment, filed in 1893, about 20 years before the bill was filed in this case. About 12 months later, on petition duly filed, there was a decree allowing appellant's mother to marry again, and in 1902, she married Florence, whose first wife had died, under a license duly issued by the judge of probate. The statute, then as now, provided that: No bill can be filed for a divorce on the ground of voluntary abandonment, unless the party applying therefor, whether husband or wife, has bona fide been a resident of this state for three years next before the filing

[Smith v. Gibson, et al.]

of the bill, which must be alleged in the bill and proved. —Code, § 3800. Now the averment of the bill in *Kelly v. Kelly* was that complainant had been a "resident of said state for more than three years preceding its (sic) filing of this bill." Appellees contend, and the court below held, that Kelly's bill was insufficient to give the court jurisdiction of the cause, and that the decree of divorce was for that reason null and void. If so, it would follow as of course that the decree permitting appellant's mother to marry again was of no effect, and her marraige to Florence, during the life of Kelly— and, so far as we know, he is still in life—conferred upon her no status as a lawful wife.

In *Martin v. Martin*, 173 Ala. 106, 55 South. 632, a decree of divorce came under review collaterally. In that case the defendant was a non-resident, so that the cause fell under the influence of section 3802 of the Code, which requires that: When the defendant is a non-resident, the other party to the marriage must have been a bona fide resident of this state for one year next before the filing of the bill, which must be alleged in the bill and proved. The averment was that "orator has been a bona fide resident of Cleburne county for more than three years." It was ruled that the bill did not contain the jurisdictional allegation of complainant's bona fide residence in this state "for one year next before the filing of the bill," and that the decree was a nullity, conferring no rights. The construction leading to this result, the court observed, was strengthened if not expressly confirmed, by the further allegation of the bill that the parties "lived together until June 4, 1906, as man and wife, most of the time residing in Cleburne county, Ala.;" the bill having been filed June 16, 1906.

In the case now before us the attack upon the divorce decree is collateral as it was in *Martin v. Martin*. But in another respect the case is different, and the differ-ence is altogether sufficient to justify the decree of divorce. We have quoted the pertinent averment of the bill leading to the decree here in question. The substance of it was that complainant Kelly has been a bona fide resident of this state for more than three years "preceding" the filing of his bill. It is possible that this bill would have been held defective on a demurrer taking the point that complainant did not show that he had resided in the state for three years "next" preceding the filing of his bill, for then the question would have been one of pleading, and all intendments would have been made against the pleader. But a ruling to that effect would not determine the question at issue, for here, as we have already noted, the attack is collateral, and the result depends upon a proper application of the rule of *King v. Kent,* 29 Ala. 542, and those numerous adjudications which have followed the precedent of that case. The propriety of the rule is not questioned in *Martin v. Martin, supra,* and it is there stated as follows: Where a judgment or decree is collaterally assailed, every reasonable intendment, as a matter of construction only, will be made in favor of its validity. The oft-repeated language of *King v. Kent,* referring to a decree of a court of limited jurisdiction, is that: "Authority, public policy, and justice alike require that, in determining whether the record does disclose the jurisdictional facts, we should construe the language of the record most favorably for the maintenance of the decree and, where words are susceptible of two or more constructions, adopt that which will sustain the decree. We should understand the petition as it is reasonable to infer that the party who made it and the judge who

[Smith v. Gibson, et al.]

acted upon it did understand it, and not as they were bound (on a strict construction) to understand it."

Although a different signification will be given if required by the context or the facts of the case, yet "preceding" means generally next before, just as following means next after.—*Simpson v. Robert,* 35 Ga. 180. Thus Webster's New International Dictionary, under the word "antecedent," says: "Antecedent (opposed to subsequent, consequent) and preceding (opposed to succeeding, following) differ in that preceding usually applies to that which goes immediately before (as, the preceding day, the preceding clause), whereas antecedent frequently suggests an indefinite interval (as, a period antecedent to the conquest)."

On this authority, and commonly understood implications of the language employed, as to which we need only the authority of our own observation, we have no doubt that the bill in *Kelly v. Kelly* is to be easily and properly distinguished from that in *Martin v. Martin,* and that under the rule of *King v. Kent,* the decree in the former case ought to be sustained as founded upon a bill sufficiently invoking the jurisdiction of the court, as against collateral attack.

This conclusion results in a reversal of the decree dismissing appellant's bill. The cause will be remanded for further proper proceedings.

Reversed and remanded.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFENRIED, JJ., concur.