(121 So. 396)

### SCOTT et al. v. SHELLEY. (6 Div. 255.)

Supreme Court of Alabama. March 28, 1929.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellants.

McCollough & McCollough, of Birmingham, for appellee.

BROWN, J. This bill, by the appellee against the appellants, was filed on May 14, 1928, to compel the specific performance of a contract to convey certain real estate situated in Jefferson county, Ala., and avers that the defendants, are residents of Jefferson county and are of full age.

So far as the record shows, without the issuance and return of summons, the register, on July 7, 1928, made an order of publication, reciting: "In this cause it being made to appear to the register by the affidavit of Thomas E. McCollough, solicitor for complainant, that the defendant, R. M. Scott, and Nettie Sue Scott, is a nonresident of Alabama, and whose residence is Chicago, Illinois, the street address being unknown, and cannot be ascertained after reasonable effort, and further that in the belief of said affiant, the defendant is of the age of twenty-one years," etc. The affidavit merely affirms "that R. M. Scott and Nettie Scott, respondents in the above-entitled cause, are nonresidents of the state of Alabama, and affiant says that when last heard of they were living in Chicago, Illinois, the street address being unknown to affiant." Nothing is stated in the affidavit as to the age of the defendants, or affiant's belief in respect thereto.

The appellee relies on the provisions of section 6535 of the Code to sustain the regularity of the order of publication, contending that inasmuch as the statute requires no proof as to the age of the defendants, the failure of the affidavit in this respect to meet the requirements of rule 22 of Chancery Practice, is not material.

In Holly v. Bass' Adm'r, 63 Ala. 387, it was observed that: "Notice by publication is, at most, constructive notice; and, to be valid, every substantial requirement of the statute and the rule must be complied with." And in Curry v. Falkner, 51 Ala. 564, that: "The authority to make the order is dependent upon the affidavit of the complainant, or his agent, which must state, not alone the affiant's belief of the nonresidence of the defendant, *but of his age, whether over or under twenty-one years*, and his residence, *or that they are unknown.*" And in the recent case of Watters v. Watters, 210 Ala. 550, 93 So. 813, "To support a decree against a nonresident defendant on publication only, the statutes *and rules of practice* must be strictly observed, and the facts showing a

compliance must appear by the record." See, also, Paulling's Adm'rs v. Creagh's Adm'rs, 63 Ala. 398; Hartley v. Bloodgood, 16 Ala. 233; Hanson & Moore v. Patterson et al., 17 Ala. 738; Clark v. Gilmer, 28 Ala. 265; Keiffer and Wife v. Barney Bros., 31 Ala. 192.

The affidavit failing to meet the requirements of the rule, as well as the statute, the register was without authority to make the order of publication, and this necessitates a reversal of the decree.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.