**WILKERSON v. WILKERSON.**

6 Div. 732.

Supreme Court of Alabama.

May 30, 1935.

Rehearing Denied June 20, 1935.

Earl McBee and Walter H. Anderson, both of Birmingham, for appellant.

W. B. Harrison and Marvin Woodall, both of Birmingham, for appellee.

FOSTER, Justice.

This is a suit in equity whose equitable right is dependent upon the sufficiency of the bill against demurrer as an attack upon a decree of the chancery court of Barbour county rendered on December 16, 1903, in which that court granted a divorce to A. L. J. Wilkerson (said to be Abner J. Wilkerson) from his wife there named as Emma Wilkerson. After the divorce, and on January 18, 1904, Wilkerson married Lula Lee Woodall (or Wood) by authority of license that day issued, and lived with her as such wife until he died in 1932.

He was married to Emma or Mary Emma, as the bill alleges, in September, 1896, and in October, 1903, filed a bill in chancery in Barbour county; that the jurisdiction of that court was fraudulently invoked, in that it alleged that he was a resident of that county, when he was not such a resident, but resided in Jefferson county; and in that it alleged that Emma voluntarily abandoned him in April, 1897, when in fact she never abandoned him at all, but in 1897 they were living together as man and wife, and a child was born to them in 1901; that in 1902 he joined in proceedings in Atlanta, Ga., to have her committed to the insane hospital in Milledgeville, Ga., and that she has been there, insane, ever since then, and was so at the time the bill for divorce was filed against her; that there was fraud also in alleging in the bill that she resided in Atlanta, Ga., whereas she was in the insane hospital in Milledgeville, which was known to him; and in alleging that she resided in Atlanta, when she was a resident of Alabama; that he filed the suit in the name of A. L. J. Wilkerson so as to conceal his identity as complainant; that the decree was rendered on fraudulent and perjurious testimony; and upon publication of notice, and without further notice to her; that she was not represented by guardian ad litem nor otherwise; that her insanity was fraudulently concealed from the court; that she still is insane, and knows nothing about the proceeding.

The bill is filed in the name of Mary Emma Wilkerson by Louise Suttles, as next friend, who is a daughter of Mary Emma and Abner.

It also alleges that the divorce proceedings are void on their face, because they do not

show that a copy of the order of publication was mailed to respondent as required by law; because the affidavit does not state her post office address was unknown, but only that it was Atlanta, Ga., which was a large city and an insufficient address was given; that there was no legal service on defendant; and fails to allege that the voluntary abandonment continued two years next preceding the filing of the bill.

The bill then alleges that he left a last will and testament which was probated in Jefferson county in January, 1933, by which he made a bequest of $25 to Louise Suttles, the next friend of complainant, and their daughter, and that Lula Lee Wilkerson was the sole beneficiary of the residue, of the value of about $20,000, and that she was the named beneficiary in certain life insurance policies. The prayer of the bill was to require Lula Lee to execute bond as executrix, of which the will relieved her, and that the decree of divorce be adjudged null and void, and that complainant have her dower and distributive share of the estate awarded to her.

It appears therefore that the question of importance depends upon the right to have the decree of divorce annulled for (a) fraud, or for (b) invalidity apparent on its face. The bill was filed in this suit January 26, 1934, and the decree of divorce was entered December 18, 1903, and he and Lula Lee were married January 18, 1904, and he died December 5, 1932. So that the bill was filed thirty years and one month after the decree was entered, and thirty years after he married Lula Lee, having lived with her as his wife twenty-nine years before he died, and it was not filed until after his death.

The attack by demurrer on the bill, among other grounds, is that it shows that the right to vacate the divorce decree for fraud is barred by the rule of prescription of twenty years, and that it does not on its face show invalidity.

■ Since an early period in this state, prescription has been in force, created by the chancery court as a rule of repose, and it is thus stated in McArthur v. Carrie, 32 Ala. 75, 88, 89, 70 Am. Dec. 529, by Stone, J.: "In this, as in most of the States of this Union; there is a growing disposition to fix a period, beyond which human transactions shall not be open to judicial investigation, even in cases for which no statutory limitation has been provided. * * * By common consent, twenty years have been agreed on, as a time at the end of which many of the most solemn transactions will be presumed to be settled and closed." And in Garrett v. Garrett, 69 Ala. 429, it is said: "So sweeping is the principle in its scope and operation, that the presumption raised by it is not arrested or rebutted by the proof of any disability, such as infancy or coverture, on the part of the distributees by whom a trustee or administrator has been cited to settlement." In Matthews v. McDade, 72 Ala. 377, 388: "Twenty years is a period of time beyond which the courts are indisposed to permit past human transactions to be disturbed by judicial investigation." McArthur v. Carrie, supra; Garrett v. Garrett, supra; Baker v. Prewitt, 64 Ala. 551; Street v. Watts, 202 Ala. 622, 81 So. 564; Long v. Parmer, 81 Ala. 384, 1 So. 900; Bozeman v. Bozeman, 82 Ala. 389, 2 So. 732; Wilson v. Holt, 83 Ala. 528, 3 So. 321, 3 Am. St. Rep. 768; Alabama C. & C. Co. v. Gulf C. & C. Co., 171 Ala. 544, 54 So. 685; Scott v. Scott, 202 Ala. 244, 80 So. 82. Again it is said in Snodgrass v. Snodgrass, 176 Ala. 276, 280, 58 So. 201, 202, that "the consensus of opinion in the present day is that such presumption is conclusive," and quoting from an earlier case, "the presumption rests not only on the want of diligence in asserting rights, but on the higher ground that it is necessary to suppress frauds, to avoid long dormant claims, which, it has been said, have often more of cruelty than of justice in them, that it conduces to peace of society and the happiness of families, 'and relieves courts from the necessity of adjudicating rights so obscured by the lapse of time and the accidents of life that the attainment of truth and justice is next to impossible.'" Harrison v. Heflin, 54 Ala. 552, 563, 564; Greenlees v. Greenlees, 62 Ala. 330; Semple v. Glenn, 91 Ala. 245, 260, 261, 6 So. 46, 9 So. 265, 24 Am. St. Rep. 894; Roach v. Cox, 160 Ala. 425, 49 So. 578, 135 Am. St. Rep. 107.

■ The rule now creates a conclusive bar, Roach v. Cox, supra; Oxford v. Estes, 229 Ala. 606, 158 So. 534, and is not affected by the circumstances of the situation, that is to say, whether truth and justice are thereby obscured, or by the death of parties or destruction of testimony, and conduct based upon the apparent situation, or the age, state of mind, or status of responsibility. These are circumstances which are considered in respect to laches but not prescription. Oxford v. Estes, supra; Courson v. Tollison, 226 Ala. 530, 147 So. 635; Ashurst v. Peck, 101 Ala. 499, 14 So. 541.

■ But such circumstances only give a reason for the adoption of the twenty-year period of prescription, and are not necessary to

exist that its operation shall be complete. McCartney v. Bone, 40 Ala. 533; Patterson v. Weaver, 216 Ala. 686, 114 So. 301; Ashurst v. Peck, 101 Ala. 499, page 509, 14 So. 541; 21 Corpus Juris 212. It is not dependent upon statute, though it is there recognized. Section 8960, Code.

This being in the nature of a bill of review, so far as it charges fraud in procuring the decree, the ordinary statute of limitations is three years, by analogy to section 6608, Code, as limited by the one year statute, section 8966, Code. Nichols v. Dill, 222 Ala. 455, 132 So. 900; Manegold v. Beavan, 189 Ala. 241, 66 So. 448; Gordon v. Ross, 63 Ala. 363.

But no disability shall extend the period beyond twenty years. Oxford v. Estes, supra; Greenlees v. Greenlees, supra, 62 Ala. 330, page 333; Harrison v. Heflin, supra, 54 Ala. 552, page 563.

■ But it is urged that section 8966, Code, does away with the doctrine of prescription entirely as against insane persons who remain throughout that period. That section has continued in the Code since we have had one. Throughout all the years of this state's history, it has not been suggested in the opinions of this court, so far as we know, that the doctrine was thereby destroyed as to those who remained insane throughout that period. Prescription is not statutory, but a salutary principle of equitable origin, whose purpose has not been questioned by judicial construction, nor changed by statute. And we have consistently adhered to the idea that it operates alike on all, regardless of the status or condition of the parties. It is broader than the statute of limitations. Patterson v. Weaver, 216 Ala. 686, 114 So. 301, and not affected by it.

■ So that on this question, it is immaterial that complainant has been all the time insane, and not subject to the statute of limitations, nor to the claim of laches; nor that Lula Lee, who was the apparent wife of decedent for twenty-nine years, may have known that the decree was fraudulent.

■ So far as the bill seeks to vacate the decree for invalidity, apparent on the proceedings, arising from an absence of jurisdictional averments in the bill, and absence of jurisdiction of the person, the right is not defeated by the rule of prescription. Grier v. Campbell, 21 Ala. 327; Pettus v. McClannahan, 52 Ala. 55, 58; Buchanan v. Thomason, 70 Ala. 401; Baker v. Barclift, 76 Ala. 414; Sweeney v. Tritsch, 151 Ala. 242, 44 So. 184; Martin v. Martin, 173 Ala. 106, 107,

55 So. 632; Anthony v. Anthony, 221 Ala. 221, 128 So. 440. But to that extent, the bill is a collateral attack, and the right is not dependent upon error nor irregularity, but an absence of jurisdiction apparent upon the proceedings. Smith v. Gibson, 191 Ala. 305, 68 So. 143; Martin v. Martin, supra; Anthony v. Anthony, supra.

■■ Since a judgment against an insane person is not void, when insanity does not affirmatively appear, it cannot for that reason alone be collaterally attacked. 32 Corpus Juris 791. So a want of representation by guardian or guardian ad litem does not render the decree void on such attack, when the record does not on its face show the insanity. 32 Corpus Juris 789. But the judgment is subject to vacation on that ground as for fraud, Cunningham v. Wood, 224 Ala. 288, 140 So. 351, or collusion, Ex parte Edwards, 183 Ala. 659, 62 So. 775.

■ The proceedings here under consideration do not show the insanity of this complainant, and therefore the decree is not void on that ground alone. Any infirmity thereby occasioned is subject to the bar of prescription.

But not so as to such matters which must affirmatively appear to show jurisdiction of the cause or person. Anthony v. Anthony, supra; Tillery v. Tillery, 217 Ala. 142, 115 So. 27; Parker v. Cowan, 214 Ala. 69, 106 So. 507.

■ But in construing proceedings in divorce cases, though the court is of statutory and limited jurisdiction, a construction will be given that will sustain their validity, if it is reasonable, and all reasonable intendments and presumptions indulged in their favor. Authorities last supra; Smith v. Gibson, supra; King v. Kent, 29 Ala. 542; Martin v. Martin, supra.

■ The third cause for a divorce stated in section 7407, Code, is "for voluntary abandonment from bed and board for two years next preceding the filing of the bill." The language of the statute used in a bill is sufficient even against demurrer. Stephenson v. Stephenson, 213 Ala. 382, 105 So. 183.

The language of the bill we have under consideration is that the complainant and respondent were married and "lived together as man and wife until sometime in the month of April, 1897, when said Emma Wilkerson voluntarily abandoned the bed and board of your orator and without fault on his part, and that the said Emma Wilkerson resides in the State of Georgia, in the city of At-

lanta." The defect of averment is that it does not allege that the separation was continuous. It shows that it occurred more than two years next preceding the filing of the bill, and that it existed at the time of its filing, but omits to aver that it continued throughout the intervening period—the proof was sufficient in this respect. The bill was subject to demurrer on that ground, for on demurrer to the bill all presumptions and intendments are taken against the complainant. But we have shown that on collateral attack all reasonable intendments and presumptions are taken in its favor. Although the bill does not affirmatively allege that the abandonment continued for the two years next preceding the filing of the bill, such is a reasonable intendment and presumption on collateral attack, sufficient to invoke the jurisdiction of the court in that respect. Smith v. Gibson, supra.

The bill does allege that complainant has been a bona fide resident of Alabama for three years next before the filing of it, section 7414, Code; Smith v. Gibson, supra, and that complainant was at the time of its filing a resident citizen of the division and district (the bill was filed in the Southeastern division and Fourteenth district), section 7415, Code, and, since defendant was alleged to be a nonresident, it also stated that complainant was a bona fide resident of Alabama for more than one year next before filing the bill. Section 7416, Code. We think that it sufficiently alleged matter necessary to invoke the jurisdiction of the court over the subject-matter.

It is also insisted that the notice was not a sufficient compliance with the statute; that a copy of the order of publication was not mailed to defendant. This was required by rule 22 of Chancery Practice, Code of 1896, pp. 1206, 1207, when such residence is shown in the bill or affidavit.

A decree of divorce against a nonresident upon service which was perfected by publication in the manner prescribed by statute is equally as obligatory upon defendant as if he had been personally served with process. Harrison v. Harrison, 19 Ala. 499; Sayre v. Elyton Land Co., 73 Ala. 85. Proper statutory notice shown by the record is jurisdictional. Phillips v. Ashworth, 220, 237, 124 So. 519.

And the statutory provisions are mandatory and must be strictly construed to confer jurisdiction. Sayre v. Elyton Land Co., supra; McCammon v. McCammon, 206 Ala. 165, 89 So. 455; Guy v. Pridgen, 22 Ala. App. 595, 118 So. 229; 19 Corpus Juris 104, note 27; 15 R. C. L. 636; Butler v. Butler, 11 Ala. 668; Beavers v. Davis, 19 Ala. 82; Hanson v. Patterson, 17 Ala. 738; Cullum v. Branch Bank, 23 Ala. 797; Clark v. Gilmer, 28 Ala. 265; Curry v. Falkner, 51 Ala. 564; Holly v. Bass, 63 Ala. 387; Paulling v. Creagh, 63 Ala. 398; Scott v. Shelley, 219 Ala. 122, 121 So. 396.

This question is controlled by the Code of 1896, including rule 22, Chancery Practice. Sections 9431 and 9445 et seq., Code 1923, have been enacted since the chancery proceeding now under consideration. That rule required the register to post at the courthouse door a copy of the order of publication "and shall send by mail another copy thereof to the defendant, where his residence is shown by the bill or affidavit, as aforesaid."

The register certified "that a copy of said order was forwarded by mail on the ―― day of ――, 189—, addressed to ――, and one other copy of said order was posted at the courthouse door of said county for four consecutive weeks." The register made and entered the decree pro confesso. When he does, the certificate of publication need not be made by him. Rule 29; Phillips v. Ashworth, supra. The decree pro confesso recited that the register made an order of publication on October 8, 1903, requiring Emma Wilkerson to appear and defend, etc., by November 8, 1903; that it was "published in the Eufaule Times and News for four consecutive weeks immediately succeeding the date thereof, and that notice of the same has been posted at the courthouse door and three other public places in said county, and a copy send [sent] to the supposed postoffice of said defendant." It was dated December 14, 1903.

Rule 22 did not require the post office of defendant to be stated with accuracy, nor at all, but required a copy of the order of publication to be sent to her where her residence is shown by the bill or affidavit. They both showed it to be Atlanta, Ga. We think this situation showed a compliance with statutory requirements as to notice. The affidavit for publication sufficiently complied with the statute. Anthony v. Anthony, supra.

It is not necessary to express our views on other questions. For the reasons we have indicated, we think the decree sustaining the demurrer to the bill was without error, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.