170 So. 201

CASHEN et al. v. BAGGETT.

7 Div. 395.

Supreme Court of Alabama.

Oct. 15, 1936.

Merrill & Merrill, of Heflin, and Merrill, Jones & Whiteside, of Anniston, for appellants.

John D. Bibb and J. W. Hemphill, both of Anniston, for appellee.

BOULDIN, Justice.

In bringing in a nonresident as a party respondent to a bill in equity by constructive service the register must post a copy of the order of publication at the courthouse door, "and shall send by mail another copy thereof to the defendant, where his residence is shown by the bill or affidavit, as aforesaid." Chancery Rule 22 (Code 1923, vol. 4, p. 914).

In the affidavit of nonresidence appended to the bill the respondent, T. B. Cashen, was shown to be a resident of Hardin county, Tex.; his post office address being Overton, Tex.

The decree pro confesso entered by the Presiding Judge recites: " * * * it appearing to me that the order of publication heretofore made in this cause was published for four consecutive weeks commencing on the 27th day of December, 1934, in the Cleburne News, a newspaper published in Cleburne County, Alabama; that a copy of said order was posted at the courthouse door in Heflin on the 27th day of December, 1934, and it now further appearing to me that the said T. B. Cashen has to this date failed to plead, answer or demur to the bill of complaint in this cause." Then follows a decree pro confesso in usual form.

It nowhere appears that a copy of the order of publication was mailed to the respondent.

Throughout our judicial history this court has emphasized the importance and necessity of compliance with statutory rules for making nonresidents parties to judicial proceedings by constructive service.

Specifically it has been declared that where the record fails to show the sending of a copy of the order of publication by mail, the post office address of the party being shown in the affidavit of nonresidence, a decree pro confesso is improperly rendered, and a final decree based thereon will be reversed on appeal. Butler v. Butler, 11 Ala. 668; Cullum et al. v. Branch Bank at Mobile, 23 Ala. 797; Paulling's Adm'rs v. Creagh's Adm'rs, 63 Ala. 398; Scott et al. v. Shelley, 219 Ala. 122, 121 So. 396; Wilkerson v. Wilkerson, 230 Ala. 567, 573, 161 So. 820.

We observe the record nowhere shows a certificate filed by the register showing the facts constituting the perfection of service, as per Chancery Rule 29 (Code 1923, vol. 4, p. 916). This certificate is the record evidence provided by law on which the trial judge enters a decree pro confesso. Phillips v. Ashworth, 220 Ala. 237, 240, 124 So. 519.

What intendments may be indulged on collateral attack we need not here consider.

The question is here raised on appeal by assignment of error No. 5, and duly argued in brief for appellants.

For this error the decree must be reversed. Other questions are not considered. The appropriate time to review same, if there be occasion so to do, will be after both respondents have had their day in court.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.